IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-637 |
| | § | C.A. No. C-10-241 |
| SILVIA COVARRUBIAS, | § | |
|     Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Defendant Silvia Covarrubias' ("Covarrubias") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of July 15, 2010.[1] (D.E. 68).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Covarrubias' motion because it is time-barred. Additionally, the Court DENIES Covarrubias a Certificate of Appealability.

---

[1] The Clerk received Covarrubias' motion on July 19, 2010. The motion indicates, however, that it was signed on July 15, 2010 and it arrived in an envelope postmarked July 16, 2010. (D.E. 68 at 6, 7.) It is thus deemed filed as of July 15, 2010, which is the earliest date it could have been given to prison officials for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also <u>United States v. Young</u>, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of <u>Houston v. Lack</u> to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

[2] Dockets entries refer to the criminal case, C-06-cr-637.

1

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. FACTS AND PROCEEDINGS

On October 11, 2006, Covarrubias was charged in a superseding two-count indictment with knowingly and intentionally possessing with intent to distribute approximately 6.9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and with knowingly and intentionally distributing approximately one and eight-tenths (1.8) grams of a mixture or substance containing a cocaine base (also known as crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (D.E. 16). Prior to trial, the Court granted the government's oral motion to dismiss count two of the indictment. (See Minute Entry dated January 25, 2007.) Covarrubias pleaded not guilty to Count One and proceeded to trial. The jury returned a guilty verdict as to Count One. (D.E. 43.)

On April 25, 2007, Covarrubias was sentenced by this Court to 121 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 50, 51.) The Court also imposed a $100 special assessment. (D.E. 50, 51.) Judgment in her criminal case was entered on May 2, 2007. (D.E. 51.)

Covarrubias timely appealed. (D.E. 53.) The Fifth Circuit affirmed her conviction and sentence in a per curiam opinion issued March 13, 2008. (D.E. 62.) According to the Fifth Circuit's docket sheet, she did not file a petition for writ of certiorari.

Covarrubias did not file any post-conviction motions until the instant § 2255 motion. In her motion, Covarrubias asserts four grounds for relief. First, she claims that she was denied effective assistance of counsel based on her counsel's advice to proceed to trial instead of pleading guilty.

(D.E. 68 at 4.) Second, she contends that her criminal actions in this case were the result of coercion and control exercised by her husband. (Id.) Third, she alleges that she cooperated with the United States and was promised a reduction in sentence, yet no Rule 35 motion was ever filed. (Id.) Fourth and finally, she asserts a claim that appears to allege a conflict of interest, although it is difficult to determine precisely what she is claiming. She states: "the first lawyer's client (witness and trial) was not necessary witness and the trial court did not err in retrying to disqualify her." (Id. at 5.)

### III.  DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

---

[3] Section 2255 also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Covarrubias does not argue for the application of any provision other than subsection 1, and the record does not reflect that any other provision would be applicable.

As noted, Covarrubias appealed and her appeal was denied on March 13, 2008. (D.E. 62, 63.) Covarrubias had 90 days from that date to file a petition for writ of certiorari, which she did not file. See S. Ct. R. 13(1) (setting forth 90-day time period for filing a petition for writ of certiorari). Covarrubias' conviction therefore became final when the time for filing that petition expired, or on June 11, 2008. She had one year from that date to file her § 2255 motion. Covarrubias' § 2255 motion is deemed filed as of July 15, 2010.[4] Thus, her motion was filed more than one year after the expiration of the statute of limitations as calculated under § 2255(f)(1), and is not timely.

Covarrubias does not acknowledge that her motion is untimely, nor does she give any explanation whatsoever for the delay in filing. She does not seek either statutory or equitable tolling.

Moreover, not only does Covarrubias not mention "tolling" by name, but neither her motion nor the record in this case provides any facts that would support the doctrine's application. While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). In short, Covarrubias' motion does not offer any basis at all for tolling, let alone establish that hers is the rare or exceptional case where such equitable tolling is required.

Accordingly, the Court concludes that Covarrubias' failure to file her § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

---

[4] See supra note 1.

**B.       Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Covarrubias has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Covarrubias is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Covarrubias has stated a valid claim for relief, because she cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that her motion is time-barred. Accordingly, Covarrubias is not entitled to a COA.

**C.     Additional Motions**

Covarrubias has also filed a motion to appoint counsel and a document showing funds available in her inmate account. (D.E. 69, 70.) As to her request for counsel, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of § 2255 proceedings in which the Court is required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (2009) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery"). None of those situations, however, are applicable here, particularly in light of the dismissal of Covarrubias' § 2255 motion. Thus, her motion to appoint counsel (D.E. 69) is DENIED.

To the extent her second filing is intended to be a request to proceed *in forma pauperis* (D.E. 70), a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case for purposes of filing fees. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motion and indicating that it is not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. Covarrubias' motion to proceed *in forma pauperis* (D.E. 70) is therefore DENIED AS MOOT. In the event that she files a Notice of Appeal

from this Order denying her § 2255 motion, Covarrubias may re-file her request to proceed *in forma pauperis* at that time.

## IV. CONCLUSION

For the above-stated reasons, Covarrubias' motion under 28 U.S.C. § 2255 (D.E.68) is DENIED, her motion to appoint counsel (D.E. 69) is DENIED, and her motion to proceed *in forma pauperis* (D.E. 70) is DENIED AS MOOT. The Court also DENIES Covarrubias a Certificate of Appealabilty.

It is so ORDERED this 22nd day of July, 2010.

_____
Janis Graham Jack
United States District Judge